IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WENDY L. PAINTER,

    Plaintiff,

v.

MIDWEST HEALTH, INC.,

    Defendant.

Case No. 19-2336-DDC-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's Motion for Leave to File Under Seal (Doc. 38). Defendant seeks to seal 13 exhibits (Exhibits 1–11 and Exhibits 15 and 16) supporting its summary judgment motion. For reasons explained below, the court denies defendant's motion without prejudice.

The Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (citations omitted). This right is based on "the citizen's desire to keep a watchful eye on the workings of public agencies," *id.* at 598, and it helps "preserv[e] the integrity of the law enforcement and judicial processes," *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). As a result, "there is a 'strong presumption in favor of public access.'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). That "strong presumption" is heightened when the information subject to a seal or redaction request provides the basis for a court's adjudication of the merits of the litigation. *Id.*

"The right of public access to judicial records, however, is 'not absolute' as '[e]very court has supervisory power over its own records and files.'" *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019) (quoting *Nixon*, 435 U.S. at 598).  The party seeking to deny access must shoulder the burden to establish that sufficiently significant interests "'heavily outweigh the public interests in access.'" *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).  And, "any denial of public access to the record must be '*narrowly tailored* to serve th[e] interest' being protected by sealing or restricting access to the records." *Walker*, 761 F. App'x at 835 (quoting *Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 12–13 (1986)).

Here, defendant seeks to seal 13 exhibits supporting its summary judgment motion. Defendant asserts that these exhibits contain personnel files and financial information that the parties have designated as "confidential" under the court's Protective Order.  *See* Doc. 22.  By itself, one party designating documents as "confidential" under a Protective Order does not suffice to rebut the "strong presumption" favoring public access for court records.  *Pickard*, 733 F.3d at 1302.  This is especially true when, as here, a Protective Order has defined the term "confidential" to mean something less demanding than the test for the significant interests that "heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149.  This case's Protective Order does exactly that.  It permits the parties to designate documents as confidential if they "could potentially cause harm to the interests of the disclosing party or nonparties." Doc. 22 at 2.  That showing—were it the rationale for designating the exhibits as "confidential"— would not permit the court to seal them.

The problem here is that defendant's motion provides so little rationale for its sealing request.  Indeed, the motion exclusively relies on the exhibits' status as "confidential" under the

3

Protective Order.  And, while the court can imagine arguments that might justify a sealing order, the court can't use its imagination as a substitute for the showing required by controlling precedent.  Defendant simply has not made the requisite showing and the court thus denies the current motion.  If either party wishes to file a new motion asking to file certain exhibits under seal, the court—assuming movant can make the showing required by *Nixon*, *Pickard*, and similar cases—will consider such a motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Leave to File to File Under Seal (Doc. 38) is denied without prejudice.

**IT IS FURTHER ORDERED THAT** if either party wishes to file a new motion asking to file certain exhibits under seal, the court will consider such a motion.

**IT IS SO ORDERED.**

Dated this 28th day of July, 2020, at Kansas City, Kansas.

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
