IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WENDY L. PAINTER,
                Plaintiff,

v.                                                  Case No. 2:19-cv-02336-DDC-ADM

MIDWEST HEALTH, INC.,
A Kansas Corporation, d/b/a,
Pioneer Ridge Health and
Rehabilitation,
                Defendant.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT AS INCORPORATED INTO PRETRIAL ORDER
AND TO ADD DEFENDANT**

The Plaintiff, by and through undersigned counsel, hereby seeks leave to file a Third Amended Complaint, or in the alternative, to include the proposed language that would otherwise be in a Third Amended Complaint in the Pretrial Order, pursuant to Fed. R. Civ. P. 15, and Fed. R. Civ. P. 20(a)(2).

    I.      Introduction.

The Plaintiff seeks to add Pioneer Ridge Nursing Facility Operations, LLC as a Defendant in this case. That entity and Midwest Health, Inc. meet the test of being either Joint Employers or the Single Employer of the Plaintiff. The Court has ordered that the Plaintiff shall, instead of attaching a proposed Third Amended Complaint, attach the proposed revised language to be included in the Pretrial Order highlighted in yellow. (ECF 48)

    II.     Statement of Facts.

1. The current defendant portion of the caption reads, "Midwest Health, Inc., a Kansas Corporation, d/b/a Pioneer Ridge Health and Rehabilitation." (ECF 1)

2. In its Answer to the Amended Complaint, Midwest Health, Inc. denied that it ever had

1

a d/b/a of Pioneer Ridge Health and Rehabilitation. (ECF 14 at ¶ 3).

3. In its Answer to the Second Amended Complaint, Midwest Health, Inc. denied that it ever had a d/b/a of Pioneer Ridge Health and Rehabilitation. ECF 17 at ¶ 3.

4. In a letter dated February 7, 2020, counsel for Midwest Health, Inc. incorrectly stated, twice, that the Plaintiff's employer was "Pioneer Ridge Nursing Facility." (Ex. 1).

5. The Business Entity database for the Kansas Secretary of State lists seven active entities with the words "Pioneer Ridge" in them. (Ex. 2)

6. None of the "Pioneer Ridge" entities listed in the Business Entity database maintained by the Kansas Secretary of State lists an entity named, "Pioneer Ridge Nursing Facility." (Ex. 2)

7. In Answers to the Plaintiff's Interrogatories, Midwest Health, Inc. denied that it was the Plaintiff's employer, but stated that "Pioneer Ridge" was the employer, (Answers to Nos. 3 and 4) or that "Pioneer Ridge Nursing Facility" was the employer. (Ex. 3, pages 2-5)

8. Cleotha Daniels is named as the representative for Midwest Health, Inc. who verified, under oath, the answers to the Interrogatories. (Ex. 3, last page)

9. The Plaintiff served written discovery, including the Interrogatories, on March 25, 2020. (ECF 24)

10. The Defendant's Answers to Interrogatories were verified and served on June 26, 2020. (Ex. 3, last page)

11. The Defendant's Answers to Interrogatories were answered 93 days after service of the Interrogatories, or 63 days beyond the period set by Fed. R. Civ. P. 33(b)(2).

12. The Plaintiff filed a Charge of Discrimination that named Pioneer Ridge Health & Rehab as her employer. (Ex. 4)

13. Jennifer Sourk, In-House Counsel for Midwest Health, Inc. sent a position statement to the U.S. Equal Employment Opportunity Commission on January 8, 2019, to respond to the Charge of Discrimination. (Ex. 5, p. 1, first paragraph)

14. Kathleen King-Alvoid, the Plaintiff's direct supervisor through the termination of the Plaintiff testified that she worked at a facility known as Pioneer Ridge Health and Rehabilitation. (Ex. 6, King-Alvoid Dep. 18:8-11)

15. According to Jennifer Sourk, "Pioneer Ridge Nursing Facility" employed the Plaintiff. (Ex. 7, Sourk Dep. 23: 11-13)

16. According to Jennifer Sourk, "Pioneer Ridge Nursing Facility" is registered with the state of Kansas as a Limited Liability Company. (Ex. 7, Sourk Dep. 23:25-24:1-3)

17. "Pioneer Ridge Nursing Facility" is not registered with the state of Kansas as a Limited Liability Company or as any corporate entity. (Ex. 2)

18. According to Sourk, the Plaintiff worked at "Pioneer Ridge Nursing Facility, LLC." (Ex. 7, Sourk Dep. 27:12-15)

19 According to Sourk, the corporate entity "Pioneer Ridge Health and Rehabilitation" it is connected to is "Pioneer Ridge Nursing Facility Operations, LLC." (Ex. 7, Sourk Dep. 57:4-8)

20. Midwest Health, Inc. and Pioneer Ridge Nursing Facility Operations, LLC entered into a Management Agreement in 2010. (Ex. 13)

21. James A. Klausman signed the Management Agreement on behalf of both Midwest Health, Inc. and Pioneer Ridge Nursing Facility Operations, LLC (Ex. 7, Sourk Dep. 62:20-25; 63:1-7)

22. James A. Klausman is a shareholder of Midwest Health, Inc. (Ex. 7, Sourk Dep. 63:8-11)

23. James B. Klausman is the son of James A. Klausman (Ex. 7, Sourk Dep. 63:25; 64:1, 2)

24. Michael Klausman is the sone of James A. Klausman. (Ex. 7, Sourk Dep. 64:3-6)

25. The trust of James Brett Klausman and the trust of Michael Klausman are part owners through Clayton Enterprises, LLC of Pioneer Ridge Nursing Facility Operations, LLC. 63:15-25; 64:1-6)

26. The trust of Floyd C. Eaton, III is a part owner of Pioneer Ridge Nursing Facilities Operations, LLC through Clayton Enterprises, LLC. (Ex. 7, Sourk Dep. 63:15-25)

27. Floyd C. Eaton, Jr is an officer of Pioneer Ridge Nursing Facility Operations, LLC. (Ex. 7, Sourk Dep. 64:9-13)

28. Floyd C. Eaton, Jr. is a shareholder of Midwest Health, Inc. (Ex. 7, Sourk Dep. 64-14-16)

29. As of February, 2018, the Management Agreement was still in force. (Ex. 7, Sourk Dep. 67:17-19)

30. Jennifer Sourk responded to the Amended Deposition Notice to take the corporate representative deposition of Midwest Health, Inc. (Ex. 8) (Ex. 7, p.1)

31. The address for Midwest Health, Inc. is 3023 SW Wanamaker Rd., Suite 300, Topeka, Kansas 66614. (Ex. 5, Letterhead)

32. "Pioneer Ridge Nursing" issued paycheck deposits for the Plaintiff using the address of Midwest Health, Inc. (Ex. 9)

33. "Pioneer Ridge Health & Rehab" is listed as "Proud Member of Midwest Health Family of Communities." (Ex. 10, first and third pages)

34. Midwest Health, Inc. made direct deposits into a credit union account held by the Plaintiff with the designation, "ACH MWHINCPOOLED." (Ex. 11)

35. Midwest Health, Inc. provided health insurance to the Plaintiff through "Midwest Health Management, Inc.," which was the group name used. (Ex. 12) (Ex. 7, Sourk Dep. 27:21-25; 28:1-4)

36. The Management Agreement between Midwest Health, Inc. and Pioneer Ridge Nursing Facility Operations, LLC provided for a relationship between the two entities for financing, accounts receivable, accounts payable, requisition of supplies, maintenance, financial reports, income tax returns, developer services, legal services, and additional services, which included fringe benefits, that is, health insurance and retirement benefits. (Ex. 13)

37. The Management Agreement has required the parties to ensure that "the two companies are viewed as separate and distinct entities" and to "at all times maintain that they are separate and distinct legal entities. (Ex. 13, p.6, 7)

III.    Argument and Authorities.

A.  Rules 15 and 20.

Pioneer Ridge Nursing Facility Operations, LLC may be permissively joined as a Defendant pursuant to Fed. R. Civ. P. 20(a)(2).

Fed. R. Civ. P. 15(a)(2) states in pertinent part: "The court should freely give leave when justice so requires." "[T]his mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

A proposed amended pleading that adds a party must meet the requirements of both Rule 15 and 20. FEDERAL PRACTICE AND PROCEDURE, CIVIL RULES, QUICK REFERENCE GUIDE, Vol. 12B, p. 424 (2016). Fed. R. Civ. P. 20(a)(2) provides that defendants may be joined in one action

5

if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

The purpose of the Rule is to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits. *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1329 (8th Cir. 1974) (internal citation omitted) "Absolute identity of all events is unnecessary." *Id.*

In the proposed revisions to the draft of the Pretrial Order relief is requested against the Defendants jointly. The Defendants' alleged conduct arises out of the same series of transactions or occurrences. And, questions of law and fact common to both Defendants will arise in this action.

The Plaintiff seeks relation back under Fed. R. Civ. P. 15(c) by adding Pioneer Ridge Nursing Facility Operations, LLC effective as of the date of filing of the original Complaint.

Relation back is conditioned on Rule 15(c)(1)(C)(i) and (ii), which requires that the party added received such notice of the action that it will not be prejudiced in defending on the merits; and the party knew or should have known that the action would have been brought against it, but for a mistake concerning he proper party's identity.

"Pioneer Ridge Nursing Facility Operations, LLC" had received notice of the Plaintiff's claims as early as the Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. (Ex. 5, Letter of Sourk to EEOC, providing position statement for Pioneer Ridge Nursing Facility Operations, LLC) This Pioneer Ridge entity knew or should have known that it would have been named as a party in the original Complaint but for the Plaintiff's uncertainty about the proper entity defendants.

6

It was not until June, 2020, that Midwest Health, Inc. provided information under oath in its Answers to Interrogatories about any Pioneer Ridge entity. And, that information was inaccurate. (SOF ¶ 7) From there it was not until the corporate representative deposition of Jennifer Sourk that additional statements under oath were made about Pioneer Ridge entities. Even then, Ms. Sourk provided inaccurate recitations of the proper Pioneer Ridge entity (SOF ¶¶ 15, 16) before finally settling on "Pioneer Ridge Nursing Facility Operations, LLC." (SOF ¶ 18)

A district court may consider "undue delay" or "dilatory motive" when considering whether to grant leave to amend pursuant to Rule 15(a) but no such discretion exists when the court is considering relation back under Rule 15(c). *Krupski v. Costa Crocier, S.p.A.*, 560 U.S. 538, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010). Here, the Sourk deposition was conducted on July 28, 2020. (Ex. 7, p.1) This matter is now before the Court less than a month later. There was no undue delay or dilatory motive.

The issue is not whether the party requesting the amendment knew or should have known the identity of the proposed defendant, but whether the defendant understood or should have understood that it was the proper defendant. *Krupski, supra,* S.Ct. at 2493. "[T]he speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back." *Krupski, supra,* S.Ct. at 2496.

### B. Joint Employer and Single Employer.

The most recent review by the Tenth Circuit of different employer theories of recovery against more than one corporate entity was in *Knitter v. Corvaias Military Living*, 758 F.3d 1214 (10th Cir. 2014). The Court recited three tests: a hybrid test, the joint employer test and the single employer test. *Id.* At 1226.

The joint employer test looks to whether the entities share or co-determine the essential terms and conditions of employment. *Id.* The right to terminate is the most important factor, but additional factors that are relevant include setting work rules, compensation, benefits, hours, supervision of employees, control of employee records such as insurance, payroll, taxes and the like. *Id.*

Here, the parties' Management Agreement sets forth extensive connections between the two entities. (Ex. 13) It is evident that Midwest Health, Inc. controls payroll, (Ex. 9) payroll deposits (Ex. 11), and coverage for health insurance (Ex. 12). Because Midwest Health, Inc. maintains all accounts and records for Pioneer Ridge Nursing Facility Operations, LLC throughout the year, Midwest Health, Inc. is to provide income tax services. (Ex. 13, p.4)

The entities shared some interlocking functions in ownership and officers with the same individuals, or family members, owning and serving both entities. (SOF ¶¶ 21-28)

These entities were tightly bound together and operated as joint employers.

The single employer test is similar to the joint employer test, but this test applies where two entities that are nominally separate should in fact be treated as an integrated enterprise. *Id.* at 1226-27. The focus of this test is on the relationship between the entities. *Id.* at 1227. Four factors apply: 1) interrelations of operation; 2) common management; 3) centralized control of labor relations; and 4) common ownership and financial control. *Id.* Here, factors one, two and four weigh in favor of finding the test for single employer is satisfied.

As to factor one, the Management Agreements reflects a thorough interweaving of corporate rights and duties. That Agreement also exhibits a common management, which satisfies factor two. And, there is common ownership and control, which satisfies factor four.

The two entities essentially operated as one.

8

Respectfully submitted,

*/s/ Theodore J. Lickteig*_____
Theodore J. Lickteig
Kan. Bar No. 12977
Law Offices of Theodore J. Lickteig
12760 West 87th Street, Suite 112
Lenexa, Kansas 66215-2878
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I, Theodore J. Lickteig, hereby certify that I filed the above and foregoing by using the court's CM/ECF system on this 12th day August, 2020, which will provide notice to:

Stephen D. Lanterman
Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C.
534 S. Kansas Avenue, Suite 1000
Topeka, Kansas 66603
slanterman@sloanlawfirm.com
*Attorney for Defendant*

*/s/ Theodore J. Lickteig*_____