## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WENDY L. PAINTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-2336-DDC-ADM |
| | ) |
| MIDWEST HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

COMES NOW the Defendant, Midwest Health, Inc., by and through its counsel of record, Stephen D. Lanterman and the law firm of SLOAN, EISENBARTH, GLASSMAN, MCENTIRE & JARBOE, LLC., and objects to the Plaintiff's Motion for Leave to file a Third Amended Complaint as Incorporated in the Pretrial Order and to add a defendant. In support, the following is offered:

### RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

For the purposes of responding to the Plaintiff's motion, Defendant Midwest Health, Inc. does not dispute the Plaintiff's Statement of Facts, except for the following:

4. Counsel for Midwest Health, Inc. stated in the letter dated February 7, 2020, that the Plaintiff's employer was "Pioneer Ridge Nursing Facility." (Doc. #49-1)

17. Pioneer Nursing Facility Operations, LLC is registered with the State of Kansas as a Limited Liability Company and can be verified on the Business Entity database maintained by the Kansas Secretary of State. (Doc. #49-2)

1

## DEFENDANT'S STATEMENT OF ADDITIONAL FACTS

38. Plaintiff was hired to work at Pioneer Ridge Health and Rehabilitation, a company operating in Lawrence, Kansas [Doc. #37-14, Depo of Painter, pp 41:3-23 and 42:6-11].

39. During her employment, Plaintiff was controlled by Pioneer Ridge [Doc. #37-14, Depo of Painter pp. 41:3-23; 43:2-44:1; 44:2-8; 44:18 – 45:1; 46:4-7; 46:8 – 47:1, 50:18-22].

40. Pioneer Ridge's control over Plaintiff included:

   a. Staffing [Doc. #37-1; Doc. #37-14, Depo of Painter 44:2-8; 44:18 – 45:1];

   b. Performance Reviews [Doc. #37-14, Depo of Painter 46:8 – 47:1];

   c. Time-off and Scheduling [Doc. #37-2, Doc. #37-14, Depo of Painter, pp. 50:18-22)];

   d. Discipline [Doc. #37-3 and Doc. #37-15];

   e. Payment [Doc. #37-4-5 and Doc. #37-14, Depo of Painter 43:2-44:1]; and

   f. Termination [Doc. #37-3; Doc. #37-6; and Doc. #37-14, Depo of Painter 46:4-7].

41. Plaintiff was terminated on February 22, 2018, by Pioneer Ridge for neglect. [Doc. #37-6; Doc. #37-14, Depo of Painter 46:4-7]

42. Pioneer Ridge, as required by law, submitted the allegation of abuse and neglect to the Kansas Department for Aging and Disability Services. [Doc. #37-7]

43. Midwest Health was not involved in the KDADS neglect complaint or in providing Plaintiff's address to KDADS. [Doc. #37-7, Doc. #37-17]

44. Any issue involving notification by KDADS of a proceeding against Plaintiff comes from the fact that KDADS issued notice to the "last known address on file with the Kansas Nurse Aide Registry [Doc. #37-17]

45. Plaintiff has recognized on multiple occasions that Pioneer Ridge was her employer, including her:
   a. Request for unemployment benefits [Doc. #37-8];
   b. Application for employment [Doc. #37-9];
   c. EEOC Charge of Discrimination [Doc. #37-10]; and
   d. Own interrogatory answers [Doc. #37-11 at 28-30].
   e. Deposition testimony [Doc. #37-14, Depo of Painter pp. 41:3-23; 43:2-44:1; 44:2-8; 44:18 – 45:1; 46:4-7; 46:8 – 47:1, 50:18-22]

46. Midwest Health does not do business as Pioneer Ridge.  [Doc. #37-12-13]

47. Midwest Health has frequently informed Plaintiff that it does not do business as Pioneer Ridge and is not Plaintiff's employer, including:
   a. Answer to Amended Complaint on October 22, 2019 [Doc. #14];
   b. Answer to Second Amended Complaint on November 26, 2019 [Doc. #17]; and
   c. Letter to Plaintiff's counsel on February 7, 2020 [Doc. #37-17].

48. Plaintiff has never attempted to amend her complaint to add Plaintiff's employer, Pioneer Ridge, even as she filed her Second Amended Complaint (which she did not get permission to file) after Defendant had Answered the Amended Complaint advising her that she had not sued her actual employer [Doc. #14 and Doc. #15].

## **ARGUMENT AND AUTHORITIES**

### **A. Midwest Health, Inc. was not Plaintiff's employer.**

An employee can usually only bring employment claims against his or her direct employer. *See Zinn v. McKune*, 143 F.3d 1353, 1361 (10th Cir. 1998); *JP Morgan Chase Bank, N.A. v. Wells Fargo Bank, N.A.,* 2017 WL 1758066 (N.D. Okla. May 4, 2017) (being corporate affiliates does "not get [the plaintiff] very far"); *see also Odhuno v. Reed's Cove Health & Rehab., LLC,* 2020 WL 1151325 (slip copy), at *16-17 (D. Kan. Mar. 10, 2020) (holding that under Section 1981, a plaintiff must prove the defendant was an employer). And Pioneer Ridge, not Midwest Health, was Plaintiff's employer. The Tenth Circuit, however, has recognized two exceptions to that general rule: first, when two entities exercise control over essential terms and conditions of the employment (joint-employers); and second, when two entities act essentially as one employer (single-employer).[1] *See Bristol v. Board of County Commr's of the County of Clear Creek,* 312 F.3d 1213, 1218 (10th Cir. 2002); *Frank v. U.S West, Inc.,* 3 F.3d 1357, 1362 (10th Cir. 1993). Importantly, even under Plaintiff's incorrect theory—that Midwest Health does business as Pioneer Ridge—this Court has held that one of the employment tests must be satisfied. *Miller v. Dillon Cos.,* 2016 WL 2894696, No. 15-4946-DDC-KGS, at *19 (D. Kan. May 18, 2016). But neither exception applies to the relationship between Midwest Health and Plaintiff. Each test is explained in turn.

---

[1] Another test, the hybrid test, is only used for independent contractors. *See Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014).

Joint employers are entities that "share or co-determine those matters governing the essential terms and conditions of employment." *Sandoval v. Boulder Regional Communications*, 388 F.3d 1312, 1323-24 (10th Cir. 2004). In other words, an entity is not a joint employer unless it "exercise[s] significant control" over the employee. *Id.* And, to make that determination, the court should consider an entity's ability to: (1) terminate; (2) discipline; (3) supervise on a daily basis; (4) train; (5) evaluate; (6) set compensation, benefits, and hours; and (7) control employee records. *Knitter,* 758 F.3d at 1226 (citing *Butterbaugh v. Chertoff,* 479 F.Supp.2d 485, 491 (W.D.Pa.2007)). Chief among those factors, though, is the entity's power to terminate an employee. *Sandoval*, 388 F.3d at 1323-24; *Knitter*, 758 F.3d at 1226 (holding that the termination factor weighs most heavily).

But Midwest Health did not control the conditions of Plaintiff's employment or, most importantly, have the power to terminate Plaintiff's employment. Like the alleged joint employer in *Knitter*, Midwest Health: (1) could not terminate her; (2) did not pay her directly; and (3) had only limited ability to supervise or discipline her. *Knitter*, 758 F.3d at 1226; (SOF ¶ 40). So too, like the alleged employer in *Knitter*, Midwest Health was not a joint employer. *Id.* Applying a similar analysis to similar businesses, courts have not found health and rehabilitation affiliates to be joint employers. *See Nethery v. Quality Care Investors, L.P.*, 382 F. Supp. 3d 776, 780 (M.D. Tenn. 2019); *Hiralall v. SentosaCare, LLC,* 2016 WL 1126530, at *10 (S.D.N.Y. Mar. 18, 2016); *cf Odhuno v. Reed's Cove Health & Rehab., LLC,* 2020 WL 1151325 (slip copy), at *16-17 (holding the defendant was a joint employer when the defendant's: (1) leadership was often involved in employee suspensions and terminations; (2) employees terminated the employment;

5

(3) leadership promised to assist the plaintiff; (4) and employees assisted in all aspects of human resources administration).

Likewise, Midwest Health is not Plaintiff's employer under the single employer exception. Similar to the joint employer test, an entity's "right to terminate employment is the most important" factor. *Sandoval*, 388 F.3d at 1323-24. And, Midwest Health had no ability to terminate Plaintiff's employment. (SOF ¶ 40). Moreover, even if Midwest Health had input, an entity's ability to have "a voice in certain employment decisions made by" a partner does not justify single employer treatment. *Id.* What is more, none of the other single employer factors—interrelation of operations, common management, or common ownership and financial control—compel a different conclusion. *Sandoval*, 388 F.3d at 1322 (10th Cir. 2004) (citing *Bristol*, 312 F.3d at 1220). That is, Midwest Health and Pioneer Ridge do not have: (1) shared office space and equipment; (2) common employees; or (3) common advertising. Therefore, nothing can justify treating Midwest Health as a single employer with Pioneer Ridge.

In sum, Midwest Health did not exercise enough control over Plaintiff's employment to be liable under the joint employer theory of liability. Furthermore, Midwest Health and Pioneer Ridge are not synonymous entities. (SOF ¶ 45). As a result, Midwest Health and Pioneer Ridge cannot be treated as the same entity for liability. Here, then, Midwest Health cannot be liable for the actions of Pioneer Ridge.

### B. Plaintiff made a deliberate choice not to include Pioneer Ridge as a defendant.

The statute of limitations has run on Plaintiff's Title VII (300 days), tortious interference (2 years), and blacklisting claims (2 years). And, Plaintiff should not be

allowed to substitute—or relate back—her claims against Pioneer Ridge.  Under Rule 15(c)(1)(C), a change should only be allowed if the defendant: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.  *Silva v. Ekis*, 2018 WL 1456523, at *6 (D. Kan. Mar. 23, 2018).  But that is not this case.  Instead, Plaintiff made a "deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties."  *Id.*  Further, Plaintiff claims that she was not provided any information about any Pioneer Ridge entity.  (Doc. #49, p. 5).  This, however, is false:  Clearly written on Plaintiff's W2 Forms, the employer is stated as Pioneer Ridge, not Midwest Health, Inc.  Since 2012, Plaintiff had received her W2 Form with the employer's name as "Pioneer Ridge Nursing Operations, LLC," or "Pioneer Ridge Nursing."

Moreover, Plaintiff was informed on numerous occasions—through two answers and a letter to her counsel—that Midwest Health, Inc. was not her employer.  *McGregor v. Snyder*, 427 F. App'x 629, 632 (10th Cir. 2011); (SOF ¶ 46).  Likewise, a simple search of corporate records would have shown that Midwest Health does not do business as Pioneer Ridge.  Yet, Plaintiff has fastidiously clung to her incorrect belief that Midwest Health does business as Pioneer Ridge.  That "is the antithesis of making a mistake concerning the proper party's identity."  *Grider v. Shawnee Mission Med. Ctr., Inc.*, 2017 WL 2971967, No. 16-2750-DDC-GLR, at *7 (D. Kan. July 12, 2017).  Therefore, Plaintiff made a deliberate choice not to add Pioneer Ridge as a defendant and should not be allowed to relate back her claims against Pioneer Ridge.

This very Court has already addressed and rejected an almost identical claim in *Grider v. Shawnee Mission Med. Ctr., Inc.* 2017 WL 2971967, No. 16-2750-DDC-GLR, at *7. The Plaintiffs sought to add a defendant, Dr. Piquard, the physician who admitted and discharged the Plaintiff, in a medical malpractice suit by filing a Motion for Leave to File a Third Amended Complaint after the statute of limitations for each of their claims had run. *Id.* at *1. Dr. Piquard could only be added as a defendant if the Plaintiffs satisfy relation back under Fed. R. Civ. P. 15(c)(1)(C). *Id.* at *2. However, this Court found the Plaintiffs' "failure to name Dr. Piquard as a defendant in the original Complaint was not a mistake." *Id.* at *4. Because the Plaintiffs knew of Dr. Piquard's existence and, over the course of five months twice, amended their Complaint without naming him as a defendant, this conduct favors a finding that Plaintiffs made "a tactical decision, rather than a mistake." *Id.*

Only direct employers are liable for employment claims. But Midwest Health was not Plaintiff's employer. And, no exception dictates a different conclusion. Plaintiff has failed to satisfy Rule 15(c)(1)(C)(ii) and Plaintiff made a deliberate choice to exclude Pioneer Ridge from the Complaint until after the Statute of Limitations had already run. Plaintiff cannot, and should not, avoid the consequences of that deliberate choice.

WHEREFORE, for the reasons set forth above, the Defendant respectfully requests that this Court deny the Plaintiff's Motion.

Respectfully submitted,

SLOAN, EISENBARTH, GLASSMAN,
     MCENTIRE & JARBOE, L.L.C.
534 S. Kansas Avenue, Suite 1000
Topeka, KS   66603
Office: (785) 357-6311
Fax:    (785) 357-0152

s/ Stephen D. Lanterman
Stephen D. Lanterman, KS #18844
slanterman@sloanlawfirm.com
**ATTORNEYS FOR DEFENDANT,
MIDWEST HEALTH, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following parties:

Theodore J. Lickteig, KS #12977
LAW OFFICE OF THEODORE J. LICKTEIG
12760 West 87th Street, Suite 112
Lenexa, KS   66215
TEL:   (913) 894-1090
tjllawoffice@planetkc.com
**ATTORNEYS FOR PLAINTIFF**

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

None

s/ Stephen D. Lanterman
Stephen D. Lanterman, KS #18844
SLOAN, EISENBARTH, GLASSMAN,
     MCENTIRE & JARBOE, L.L.C.
534 S. Kansas Avenue, Suite 1000
Topeka, KS   66603
Office: (785) 357-6311
Fax:    (785) 357-0152
slanterman@sloanlawfirm.com
**ATTORNEYS FOR DEFENDANT,
MIDWEST HEALTH, INC.**