IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WENDY L. PAINTER,

                Plaintiff,

v.                                                Case No. 2:19-cv-02336-DDC-ADM

MIDWEST HEALTH, INC.,
A Kansas Corporation, d/b/a,
Pioneer Ridge Health and
Rehabilitation,

                Defendant.

## REPLY ON PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AS INCORPORATED INTO PRETRIAL ORDER AND TO ADD DEFENDANT

The Plaintiff, by and through undersigned counsel, and submits her reply on her Motion for Leave to File Third Amended Complaint as Incorporated into Pretrial Order and to Add Defendant. By the Court's Order, this Reply is limited to three pages. (ECF 48)

    I.      Response to Plaintiff's Statement of Facts.

In its response to the Plaintiff's motion, the Defendant states that it does not dispute any of the listed statement of facts in the Plaintiff's memorandum with two exceptions. (ECF 49 at 1-5) One exception is that Defendant's counsel referred to "Pioneer Ridge Nursing Facility" as the Plaintiff's employer in a letter. See, SOF ¶ 4. (ECF 51 at 1, citing to ECF 49-1.) The basis for this dispute is not clear. The letter states in part that, "… Ms. Painter was terminated because her employer (Pioneer Ridge Nursing Facility – not Midwest Health) …" (ECF 49-1 at 1) The second reference, in context, at least implies that Pioneer Ridge Nursing Facility was the Plaintiff's employer. (ECF 49-1 at 2)

The other disputed fact is that "Pioneer Ridge Nursing Facility" is not registered as a Limited Liability Company or as any corporate entity. See, SOF ¶ 17. (ECF 51 at 1, citing to ECF

1

49-2) The dispute refers to "Pioneer Nursing Facility Operations, LLC" and claims that this entity is registered with the State of Kansas as a Limited Liability Company with the Kansas Secretary of State. (ECF 51 at 1) This is not an accurate statement, either. The Defendant appears to mean, "Pioneer Ridge Nursing Facility Operations, LLC." That entity is registered with the Kansas Secretary of State. (ECF 49-2). But, the Plaintiff's original statement of fact was that, "Pioneer Ridge Nursing Facility" was not registered with the State of Kansas. See, SOF ¶ 17 (ECF 49 at 3). The Defendant does not claim otherwise. This statement stands untouched by the Defendant's attempt to dispute it.

##   II.   Defendant's Statement of Additional Facts.

The page limitation hinders the Plaintiff's ability to respond to the Defendant's statement of additional facts. (ECF 51 at 2, 3) The Plaintiff notes that the additional statements of fact are substantially the same as the Defendant's statement of facts in its brief in support of its motion for summary judgment. (ECF 37 at 2, 3)

One basis for dispute of many of these facts is that they refer to "Pioneer Ridge Health and Rehabilitation" and "Pioneer Ridge." (ECF 51, ASOFs ¶¶ 38, 39, 40, 41, 42, 45, 46, 47, and 48) Neither of these entities are registered with the Kansas Secretary of State. The Defendant's corporate representative testified that "Pioneer Ridge Nursing Facility Operations, LLC" was the Plaintiff's employer. (ECF 49-7, 57:4-8) It has long been held that a corporate party that does not exist has no capacity. *Krutz v. Paola Town Co.*, 20 Kan. 397, 403 (1878). In essence, the Defendant wants the Plaintiff to sue a party that has no capacity. Similarly, the Defendant claims the Plaintiff was on notice of the identity of her employer through her W-2 statements, which are titled, "Pioneer Ridge Nursing Operations, LLC" or "Pioneer Ridge Nursing." However, neither of these entities are registered with the Kansas Secretary of State. (ECF 49-2)

All of this may seem like nitpicking, but the Defendant and "Pioneer Ridge Nursing Facility Operations, LLC" are attempting to escape liability by tossing out a flurry of name after name in an apparent attempt to run a shell game. The additional facts below show Midwest Health, Inc.'s involvement with staffing and with staff education at Pioneer Ridge Nursing Facility Operations, LLC.

III.    Additional Statements of Fact.

49. On its Facebook page on August 12, 2020, Midwest Health, Inc. posted jobs available at Pioneer Ridge Health & Rehab. (Ex. 14)

50. Midwest Health, Inc. provided nurse education to the Plaintiff through a "Corporate Education Nurse" for at least the years 2010, 2012, 2013 and 2015. (Ex. 15)

IV.    Defendant's Cases.

Most of the Defendant's cases either restate the applicable tests when more than one employer is named as a defendant, are inapposite, or help the Plaintiff.[1]

                                                Respectfully submitted,

                                                */s/ Theodore J. Lickteig*
Theodore J. Lickteig #12977
Law Offices of Theodore J. Lickteig
12760 West 87th Street, Suite 112
Lenexa, Kansas 66215-2878
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*

---

[1] *McGregor v. Snyder*, 427 F.App'x 629, 632 (10th Cir. 2011) (Plaintiff was not mistaken about proper parties' identity); *JP Morgan Chase Bank, N.A. v. Wells Fargo Bank, N.A.*, 2017 WL 1758066 at *3 (N.D. Okla. May 4, 2017) (naming wrong party was "procedural gambit" to avoid arbitration, which compelled court to deny request for leave to amend); *Odhuno v. Reed's Cove Health & Rehab., LLC,* 2020 WL 1151325 at *8 (D. Kan. March 10, 2020) (issue of material fact over whether single employer test met; issue of material fact over whether plaintiff satisfied joint employer test); *Miller v. Dillon Cos.*, 2016 WL 2894696 at *10 (D. Kan. May 18, 2016) (plaintiff made only conclusory allegations); *Hiralall v. SentosaCare, LLC*, 2016 WL 1126530 at *6 (S.D. N.Y. March 18, 2016) (same); and *Grider v. Shawnee Mission Med. Ctr., Inc.*, 2017 WL 2971967 at *4 (D. Kan. July 12, 2017) (not reasonable to mistake legal identities of a corporation with a living human being).

3

<u>CERTIFICATE OF SERVICE</u>

I, Theodore J. Lickteig, hereby certify that I filed the above and foregoing by using the court's CM/ECF system on this 20th day August, 2020, which will provide notice to:

Stephen D. Lanterman
Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C.
534 S. Kansas Avenue, Suite 1000
Topeka, Kansas 66603
slanterman@sloanlawfirm.com
*Attorney for Defendant*

                                                */s/ Theodore J. Lickteig*_____