**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

WENDY L. PAINTER,

    Plaintiff,

    v.

MIDWEST HEALTH, INC. d/b/a PIONEER RIDGE HEALTH AND REHABILITATION,

    Defendant.

Case No. 19-2336-DDC-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Wendy L. Painter's ("Painter") Motion for Leave to File Third Amended Complaint as Incorporated Into Pretrial Order and to Add Defendant. (ECF 49.) Painter's complaint names Midwest Health, Inc. d/b/a Pioneer Ridge Health and Rehabilitation ("Midwest Health") as her employer. The parties now agree that Painter was formally employed by Pioneer Ridge Nursing Facility Operations, LLC ("Pioneer Ridge Nursing"). By way of the current motion, Painter seeks leave to amend her complaint to assert her existing claims against both Midwest Health and Pioneer Ridge Nursing.

For the reasons explained below, the court grants Painter's motion. Although Painter filed this motion long after the deadline to amend the pleadings, the court finds good cause for the belated motion because she did not learn the correct name for the Pioneer Ridge Nursing entity until late July. Furthermore, Midwest Health has not identified any reason why amendment should be denied under Rule 15. And, joinder of Pioneer Ridge Nursing is appropriate under Rule 20. Painter should therefore be given the opportunity to pursue her claims against Pioneer Ridge Nursing on the merits.

**I.      BACKGROUND**

In January 2006, Painter began working as a Licensed Practical Nurse at Pioneer Ridge Health and Rehabilitation in Lawrence, Kansas ("the Pioneer Ridge facility"). On February 16, 2018, she was involved in an argument with a resident's son. After the argument, her employer reported neglect allegations to the Kansas Department of Aging and Disability Services ("KDADS") because of the resident's condition and her employer's belief that Painter had refused to take the resident's vital signs. Painter was suspended pending the employer's investigation. That investigation ultimately found no neglect, but her employer nevertheless terminated her on February 22 for failing to comply with a resident family member's reasonable request and for unprofessional conduct. KDADS conducted a separate investigation and later made a finding of abuse and neglect against Painter.

Painter alleges that her discharge was discriminatory based on her race (Caucasian) and that it was in retaliation for her making complaints of race discrimination—all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Painter also alleges that her employer tortiously interfered with prospective contractual relations or expectancies, *i.e.*, Painter's potential future employment with other nursing facilities. In addition, Painter alleges that her employer violated KAN. STAT. ANN. § 44-117, which prohibits employers from preventing or attempting to prevent discharged employees from obtaining other employment. When Painter filed this lawsuit on June 22, 2019, she named Midwest Health as the defendant employer and alleged that Midwest Health did business as Pioneer Ridge Health and Rehabilitation.

The scheduling order required the parties to file any motions for leave to amend the pleadings by January 15, 2020. (ECF 20 ¶ 3(b), at 9.) No party filed a motion to amend by that

deadline.[1]  The scheduling order also required the parties to complete discovery by March 13, 2020.  (*Id.* ¶ 2(b), at 4.)  At the parties' request, the court later granted two extensions of the discovery completion, pretrial conference, dispositive motion, and trial dates because of challenges associated with the COVID-19 pandemic.  (ECF 28, 35.)

The parties largely completed discovery by July 24 with the exception of Painter's deposition of Midwest Health's corporate representative, which took place on July 28.  On August 5, the parties submitted a jointly proposed pretrial order that revealed for the first time that Painter intended to seek leave to amend to add Pioneer Ridge Nursing as a defendant.  (ECF 48, at 1.)  The court continued the pretrial conference to August 26 and set a briefing schedule for Painter's motion to amend.  (*Id.* at 1-2.)

Painter's motion is now fully briefed.  Painter seeks leave to amend her complaint to add Pioneer Ridge Nursing as a defendant.  She alleges that Midwest Health and Pioneer Ridge Nursing are interrelated entities that constitute joint employers or a single employer.  Midwest Health has consistently maintained that Painter was not its employee and that she was instead employed only by Pioneer Ridge Nursing.  But Painter states that Midwest Health did not provide her with the correct name of the Pioneer Ridge Nursing entity until the deposition of Midwest Health's corporate representative on July 28.  Painter now contends that amendment is appropriate under Federal Rules of Civil Procedure 15 and 20.  (ECF 49, at 5-7.)  Midwest Health opposes Painter's motion, arguing Painter deliberately chose not to name Pioneer Ridge Nursing as a defendant, and

---

[1] Painter filed an amended complaint as of right on September 13, 2019 (ECF 5), and the operative second amended complaint on November 8 (ECF 15).  Painter filed her second amended complaint without seeking the court's leave or securing Midwest Health's written consent.  (*See* ECF 51 ¶ 48, at 3.)  But Midwest Health answered without raising any objection to the unauthorized second amended complaint.  (*See* ECF 17.)

3

that her claims against Pioneer Ridge Nursing are now barred by the applicable statutes of limitations. (ECF 51, at 6-8.)

## II. ANALYSIS

The deadline for motions to amend the pleadings was January 15, 2020. Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Painter's motion also implicates FED. R. CIV. P. 15(c), governing the relation back of amendments, and the Federal Rules governing joinder. Whether to grant a motion to amend is within the court's sound discretion. *Id.*

### A. Painter Has Demonstrated Good Cause for the Late Amendment

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, the "good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id.*

No party's brief addresses Rule 16. But Painter argues that Midwest Health did not provide accurate information regarding the correct name for the Pioneer Ridge Nursing entity until recently. Painter's pleadings named Midwest Health, Inc. d/b/a Pioneer Ridge Health and Rehabilitation as a defendant. (ECF 15 ¶ 2, at 1.) According to Painter, her paychecks were issued

4

by "Pioneer Ridge Nursing" and came from Midwest Health's street address. (ECF 49 ¶¶ 31-32, at 4.) Money direct deposited into her account was identified as coming from "ACH MWHINCPOOLED," and Midwest Health Management, Inc. provided her health insurance. (*Id.* ¶¶ 34-35, at 5.) Pioneer Ridge Health & Rehab's website also advertises the facility as a member of the Midwest Health family of communities. (*Id.* ¶ 33, at 4; ECF 49-10, at 2.) Midwest Health's answer denied that it did business as "Pioneer Ridge Health and Rehabilitation" and contended that it never employed Painter. (ECF 17 ¶ 3, at 2; ¶ 54, at 12.)

In February of 2020, Midwest Health informed Painter in informal correspondence that the name of her employer was "Pioneer Ridge Nursing Facility – not Midwest Health." (ECF 49-1, at 2.) And in interrogatory responses served on June 26, Midwest Health referred to Painter's employer as both "Pioneer Ridge" and "Pioneer Ridge Nursing Facility." (ECF 49-3, at 3, 4, 6.) The Kansas Business Entity database lists seven active entities whose names include the phrase "Pioneer Ridge," but none of them exactly match the names that Midwest Health provided. (ECF 49 ¶¶ 5-6, at 2; ECF 49-2, at 2.)

On July 28, Painter deposed Midwest Health's corporate representative. During this deposition, the deponent clarified that "Pioneer Ridge Nursing Facility Operations, LLC" is the business entity that employs the individuals who work at the Pioneer Ridge facility in Lawrence. (ECF 49 ¶ 19, at 3; 7.) Midwest Health provides management services to the Pioneer Ridge facility pursuant to a Management Agreement. (*Id.* ¶ 36, at 5.) A little over one week after the corporate representative deposition, the parties submitted their proposed pretrial order, in which Painter raised the issue of amending her complaint to add Pioneer Ridge Nursing as a defendant.

The court agrees that Painter did not receive accurate information as to the specific business entity that Midwest Health contends is her true employer until July 28, which was long after the

5

deadline to file a motion to amend. Midwest Health argues that Painter had notice of the correct entity name as early as 2012 because, according to Midwest Health, her W-2 forms stated her employer was "Pioneer Ridge Nursing Operations, LLC" or "Pioneer Ridge Nursing." (ECF 51, at 7.) But even if the court were to accept this representation as true, it establishes only that Painter had conflicting and inaccurate information about the name of the defendant entity prior to filing this lawsuit. Meanwhile, Painter had a number of documents suggesting that Midwest Health could be her employer, including paychecks and insurance documents. Because Painter did not receive clear, accurate information on the correct entity until July 28, and thereafter promptly raised the amendment issue, the court finds good cause for the late amendment.

### B.   Amendment Should Be Allowed Under Rule 15(a)(2)

When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend pleadings] when justice so requires." *Id.* In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (in the absence of such a showing, amendment should be allowed).

Midwest Health does not explicitly identify any of the grounds for denying a motion to amend under Rule 15(a)(2). Rather, Midwest Health argues the statutes of limitations have now run on Painter's Title VII and Kansas claims, and her proposed amendment does not relate back under Rule 15(c)(1)(C) to the date her original complaint was filed. In other words, Midwest Health essentially raises a futility argument.[2]

### 1.     Futility Based on the Statute of Limitations

"A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In the context of futility, the court considers whether the amended complaint could withstand a motion to dismiss pursuant to Rule 12(b)(6). *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases). To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Title VII requires an employment plaintiff to file a lawsuit within ninety days of receiving a Right to Sue from the EEOC. *See* 42 U.S.C § 2000e–5(f)(1). A claim for blacklisting in violation of KAN. STAT. ANN. § 44-117 is subject to a one-year statute of limitations. *See* KAN. STAT. ANN.

---

[2] Both parties also raise arguments as to whether Midwest Health and Pioneer Ridge Nursing were joint employers or a single employer, but the court will not reach this issue on this motion to amend. The parties agree that Pioneer Ridge Nursing directly employed Painter, and their dispute in this vein is only as to whether Midwest Health also qualifies as her employer. This is a fact-intensive inquiry for resolution on summary judgment or at trial.

§ 60–514(c) (stating that an "action upon statutory penalty or forfeiture" must be brought within one year); *Harris v. City of Russell, Kan.*, No. 93-1071-PFK, 1994 WL 240759, at *10 (D. Kan. May 13, 1994) (stating that a blacklisting claim "would be subject to . . . the one year statute of limitations under K.S.A. 60–514(c)"). And a tortious interference claim is subject to a two-year statute of limitations under Kansas law. *See* KAN. STAT. ANN. § 60–513(a)(4) (stating that an "action for injury to the rights of another, not arising on contract, and not herein enumerated" must be brought within two years).

Here, Painter's employment was terminated on February 22, 2018. Around that same time, she alleges that her employer reported her to KDADS and thereafter participated in that agency's investigation. Painter alleges that KDADS then issued an abuse and neglect finding on October 25, 2018. (ECF 15 ¶ 28, at 4.) Painter received an EEOC Right to Sue notice on March 27, 2019. (*Id.* ¶ 6, at 2.) It is unclear from the parties' briefing whether Painter's tortious interference claim would be fully barred against Pioneer Ridge Nursing on statute of limitations grounds. However, Painter would run into statute of limitations problems with respect to her Title VII claims because ninety days from the date she received her EEOC Right to Sue notice has long since expired, and Painter's allegations regarding her blacklisting claim occurred more than one year ago. But Midwest Health does not contend that Painter's proposed 42 U.S.C. § 1981 claims against Pioneer Ridge Nursing would be barred by the statute of limitations. Notably, a four-year statute of limitations applies to these claims. *See Harris v. Allstate Ins. Co.*, 300 F.3d 1183, 1186 (10th Cir. 2002).

Based on this record, the court cannot find that all of Painter's claims against Pioneer Ridge Nursing would necessarily be barred by the statute of limitations. Although the court certainly recognizes that some of them might be (in the absence of relation back, which is addressed below),

Midwest Health raised its statute of limitations argument categorically rather than presenting the issue on a claim-by-claim basis. Accordingly, the court will not deny the proposed amendment as futile on this basis.

## 2. Futility for Lack of Relation Back

Midwest Health also contends that Painter's proposed amendment cannot overcome the statute of limitations by relating back to the date of the original pleading because Painter did not make a mistake about the proper party's identity. An amended complaint against a newly-named defendant may relate back to the date of the original pleading if it meets the requirements of Federal Rule of Civil Procedure 15(c)(1)(C). *See Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 509 (D. Kan. 2007) (stating that an amendment may "relate back under Rule 15(c)[(1)(C)] where . . . the amendment added new defendants and retained the initially named defendant"). To relate back under Rule 15(c)(1)(C), the amendment must assert "a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading" and, within the ninety-day period for serving the original pleading, the party to be brought in by amendment must have "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." "[T]he speed with which a plaintiff moves to amend her complaint . . . has no bearing on whether the amended complaint relates back." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 553 (2010).

Midwest Health contends that Painter deliberately chose to sue only Midwest Health, despite fully understanding the factual and legal differences between Midwest Health and Pioneer Ridge. (ECF 51, at 7.) Midwest Health also contends that it told Painter that Midwest Health did not do business as Pioneer Ridge Health and Rehabilitation during this litigation, but Painter continued to cling to her incorrect belief. (*Id.*) But, as discussed above, Painter had conflicting

9

information about the identity of her employer before filing this lawsuit, and she received conflicting information from Midwest Health during this lawsuit.  Midwest Health did not first clearly identify the proper Pioneer Ridge Nursing entity until Midwest Health's corporate representative deposition July 28, 2020.  The court therefore cannot find that Painter fully understood the factual and legal differences between Midwest Health and Pioneer Ridge Nursing at the time she filed suit and deliberately chose not to name her direct employer as a defendant.

As for the other relation-back factors, Painter's claims against Pioneer Ridge Nursing arise out of the conduct set out in her original pleading.  And the court cannot find based on the present record that Pioneer Ridge Nursing did not receive timely notice of this action such that it would be prejudiced in defending on the merits, or that Pioneer Ridge Nursing did not know that this action would have been brought against it but for a mistake concerning the proper party's identity. If anything, the record on this point suggests that Midwest Health and Pioneer Ridge Nursing are sufficiently affiliated that Pioneer Ridge Nursing likely did receive notice of this action and knew that it should have been named as a defendant.  (ECF 49, at 1-5.)  To be clear, the court does not find based on the present record that Painter's claims against Pioneer Ridge Nursing necessarily relate back under Rule 15(c)(1)(C).  But the lack of a clear record at this procedural record to establish that Pioneer Ridge Nursing lacked the required notice precludes the court from finding that Painter's proposed amendment would not relate back so as to overcome any problems with the applicable statutes of limitation, such that allowing the amendment would be futile.

### C. Joinder Under Rule 20(a)(2) Is Appropriate

When a motion to amend seeks to add parties that are not required, the court must consider Rule 20.  *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001); *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2018 WL 2008860, at *3 (D. Kan.

Apr. 30, 2018). Under that rule, defendants may be joined if (1) the claims against them "arise out of the same transaction or occurrence, or series of transactions or occurrences;" and (2) there are questions of law and fact common to all defendants. FED. R. CIV. P. 20(a)(2). There is no generalized test for determining whether alleged facts constitute the same transaction or occurrence for the purpose of Rule 20. *See* 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed.). Rather, the phrase is flexible, depending on the connection of the transactions or their logical relationship. *See AKH Co.*, 2018 WL 2008860, at *5. "Language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (D. Kan. 2006) (quoting 7 WRIGHT & MILLER § 1653, *supra*). As with Rule 15, the court liberally construes Rule 20 "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *AKH Co.*, 2018 WL 2008860, at *5; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

Painter argues that Pioneer Ridge Nursing should be joined under Rule 20(a)(2) because she seeks to bring the same claims arising out of the same series of transactions or occurrences against both Midwest Health and Pioneer Ridge Nursing. (ECF 49, at 6.) The court agrees. Joining Pioneer Ridge Nursing as a defendant in this case is appropriate under Rule 20(a)(2).

### III. CONCLUSION

Leave to amend should be freely given when justice so requires. Despite the late stage of this litigation, Painter has shown good cause for the late amendment. And Midwest Health has not established that Painter's proposed amendment is futile. Further, joinder of Pioneer Ridge Nursing as a defendant is appropriate under Rule 20(a)(2). For these reasons, the court grants Painter's motion to amend. The parties should be prepared to discuss the appropriate next steps to integrate Pioneer Ridge Nursing into this case at the pretrial conference on August 26, 2020.

**IT IS THEREFORE ORDERED** that plaintiff Wendy L. Painter's Motion for Leave to File Third Amended Complaint as Incorporated Into Pretrial Order and to Add Defendant (ECF 49) is granted.

**IT IS SO ORDERED.**

Dated August 25, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge