IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WENDY L. PAINTER,**

   **Plaintiff,**

v.

**MIDWEST HEALTH, INC., et al.,**

   **Defendants.**

Case No. 19-2336-DDC

# MEMORANDUM AND ORDER

Defendant Midwest Health, Inc. has filed a Sealed Motion for Leave to File Under Seal (Doc. 81). For the reasons explained below, the court denies the motion without prejudice.

## I.   Legal Standard

The Supreme Court has recognized the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (citations omitted). But this right is not absolute. *Id.* at 598. A party may rebut the presumption of access to judicial records by showing that "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and internal quotation marks omitted); *see also United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013) ("A court can order documents sealed if the party moving for sealing is able to show some significant interest that outweighs the presumption in favor of open access to judicial records." (citation and internal quotation marks omitted)).

When evaluating a request to seal, district courts enjoy substantial discretion. *See Nixon*, 435 U.S. at 599; *Mann*, 477 F.3d at 1149. But the court must exercise its discretion "in light of

the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. A reviewing court generally leaves undisturbed a decision "to keep the case file public" unless that court holds "a definite and firm conviction that [the district court] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted).

When exercising its discretion, the court minds that taxpayers fund court operations. Our citizen's hold a substantial stake in what happens in our courtrooms and the decisions judges make there. Public access to court decisions and the reasoning behind them inspires confidence in the fairness of the law and judicial proceedings. *See* Frederick Schauer, *Thinking Like a Lawyer* 12 (2009) ("[T]he values of legal reasoning and the Rule of Law may serve important goals in constraining the actions of leaders lacking the benign wisdom of Plato's hypothetical philosopher-kings."). So the court must be surgical when sealing. If parts of the record merit limits on public access, the court must seal only that which deserves protection. *See United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019) (explaining that "any denial of public access to the record must be '*narrowly tailored* to serve th[e] interest' being protected by sealing or restricting access to the records" (quoting *Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 13–14 (1986))).

The court now considers whether defendant's filing merits sealing.

**II.    Discussion**

Defendant Midwest Health, Inc. asks the court to enter an Order permitting it to file its Appendix of Exhibits to Defendant's Motion for Summary Judgment under seal. *See* Doc. 81 at 1; *see also* Doc. 81-1 at 1–2 (listing exhibits). Defendant asserts that this matter "involves confidential personnel files, medical information and information about an individual in a

2

nursing care facili[ ]ty, and personal financial information . . . that have been designated as 'Confidential' by the parties pursuant to the Protective Order entered by the Court." Doc. 81 at 1 (citing Doc. 22). After reviewing the more than 90 pages of exhibits that defendant seeks to file under seal, the court concludes that the proposed filing likely justifies sealing of some dimension. But the scope of appropriate protection is difficult to measure because defendant fails to tailor its request narrowly to seal only that which deserves privacy.

While the content of at least some of the 16 exhibits appears to include some personal employment, medical, and financial information, defendant offers the court no specific guidance about which portions of which exhibits qualify for sealing and why. *See* Doc. 81 at 1. Blanket assertions that the long list of exhibits includes information that the parties have designated as confidential under the case's Protective Order will not suffice. In sum, defendant's broad request presents the court with information too scant to shoulder defendant's burden to establish that a sufficiently significant interest outweighs the presumption of public access to judicial records.

The court thus denies the defendant's Motion to File Under Seal (Doc. 81) without prejudice. Defendant may renew its motion, but only if it explains explicitly why each of the 16 exhibits (or any subset of them) is entitled to sealed protection. To the extent only certain portions of the exhibits refer to confidential information, the court directs defendant to redact only those confidential portions in its public filings and seek leave to file those confidential portions—the unredacted documents—under seal.[1]

---

[1] *See* Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the U.S. District Court for the District of Kansas, at 18–19, http://ksd.uscourts.gov/wp-content/uploads/2018/01/CvAdminProcFINAL-12-1-16.docx (Dec. 1, 2016) (explaining that "parties may modify or partially redact other confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information[ ])" and that "a party that files a document with such personal data identifiers or other confidential information redacted may file an unredacted version of the document under seal or file a reference list under seal").

**THEREFORE IT IS ORDERED BY THE COURT THAT** defendant Midwest Health, Inc.'s Sealed Motion for Leave to File Under Seal (Doc. 81) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 29th day of January, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree_____
**Daniel D. Crabtree**
**United States District Judge**
