IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WENDY L. PAINTER,**

    **Plaintiff,**

v.                                                     Case No. 19-2336-DDC

**MIDWEST HEALTH, INC., et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

On March 15, 2023, the Clerk of the Court taxed costs in the amount of $3,330.87 against plaintiff Wendy L. Painter. Doc. 112. Plaintiff then filed a Motion to Review Taxation of Costs. Doc. 114. She asserts that the court should exercise its discretion to deny taxation of costs in full. Plaintiff argues that imposing costs on her would cause her significant financial hardship while defendant is a corporate entity who is financially healthy.

Defendant opposes plaintiff's motion. Doc. 115. It asserts that it is entitled—as the prevailing party in this employment discrimination lawsuit—to recover its costs under 28 U.S.C. § 1920, Fed. R. Civ. P. 54, and D. Kan. Rule 54.1. Also, defendant argues, plaintiff fails to support her motion with legal authority from our Circuit. And, defendant asserts, plaintiff provides no factual support for her allegations about the financial effect of the costs award. Thus, defendant asks the court to deny plaintiff's motion seeking an order denying the taxation of costs.

Fed. R. Civ. P. 54(d) provides that costs "should be allowed to the prevailing party." A district court "possesses broad discretion in awarding costs." *Dullmaier v. Xanterra Parks & Resorts*, 883 F.3d 1278, 1295 (10th Cir. 2018) (citation and internal quotation marks omitted).

The Tenth Circuit, however, has "recognized that the district court's discretion in taxing costs is limited in two ways." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (citing *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 1995)). "First, 'Rule 54 creates a presumption that the district court will award costs to the prevailing party.'" *Id.* (quoting *Cantrell*, 69 F.3d at 459). "Second, the district court 'must provide a valid reason' for denying such costs." *Id.* (quoting *Cantrell*, 69 F.3d at 459); *see also Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995) (explaining that denying costs to a prevailing party is a "severe penalty" and "there must be some apparent reason to penalize the prevailing party if costs are to be denied" and holding that district court abused its discretion by denying costs because there was "no justification to penalize" the prevailing party). Also, our Circuit has explained, "[o]nce a prevailing party establishes its right to recover allowable costs, . . . the burden shifts to the 'non-prevailing party to overcome' the presumption that these costs will be taxed." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148 (quoting *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004)).

Here, plaintiff asserts that the court should deny costs based on the parties' economic disparity and her limited financial resources. She makes a conclusory assertion that "no basis" exists "for questioning the financial health" of defendant. Doc. 114 at 2. Also, she describes "her net worth as minuscule" compared to defendant and explains her recent employment is "spotty[.]" *Id.* She even blames defendant for "her underemployment" citing her unsuccessful tortious inference claim in this lawsuit. *Id.* at 2 n.1. This court granted summary judgment against plaintiff's tortious inference claim, and the Tenth Circuit affirmed that decision. *See Painter v. Midwest Health, Inc.*, No. 21-3195, 2022 WL 17332734, at *6 (10th Cir. Nov. 30,

2022) (holding "district court correctly granted summary judgment on the tortious interference claim").

Plaintiff simply hasn't shouldered her burden to overcome the presumption that defendant—as the prevailing party—deserves an award of it costs incurred in defending this action. Nor has she provided a "valid reason" for denying costs. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1147 (citation and internal quotation marks omitted). While our Circuit "has acknowledged that a court may consider indigent circumstances in exercising discretion whether to award costs," it also has "concluded that a district court does not abuse its discretion in awarding costs to the prevailing party simply because the non-prevailing parties were indigent." *Bryant v. Sagamore Ins. Co.*, 618 F. App'x 423, 426 (10th Cir. 2015) (citing *Rodriguez*, 360 F.3d at 1190–91 (affirming district court's award of costs even though plaintiffs were indigent because plaintiff failed to show that the court should penalize the prevailing party by disallowing its costs)); *see also Lister v. W. Indus. Corp.*, No. 17-CV-01204-EFM-GEB, 2021 WL 5906038, at *3 (D. Kan. Dec. 14, 2021) (rejecting "arguments regarding the strength of [plaintiff's] case, his indigent status, and a possible chill on pro se filings" because they did not "justify a waiver of the remaining costs" and noting that our court "has rejected suggestions that it should penalize a party [by denying an award of costs] simply because a financial disparity exists between the parties" (citation and internal quotation marks omitted)); *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 906 (D. Kan. 2007) (holding that "despite plaintiff's dire financial circumstances and the fact that plaintiff prosecuted his case against defendant . . . in good faith, the court does not believe that defendant . . . should be denied his costs because the Tenth Circuit has repeatedly stated that the denial of costs is in the nature of a severe penalty and that there must be some apparent reason to penalize the prevailing party if costs are to be

denied"). Here, plaintiff's conclusory assertions about the financial disparity between the parties can't overcome the presumption that defendant deserves an award of costs. Also, she hasn't shown a valid reason for denying defendant—as the prevailing party—its costs under Fed. R. Civ. P. 54 or D. Kan. Rule 54.1. Thus, the court denies plaintiff's Motion to Review Taxation of Costs (Doc. 114).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Review Taxation of Costs (Doc. 114) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of June, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
